IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| PERCY D. MAYFIELD, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. 6:18-CV-510-JDK-JDL |
| CHEVRON U.S.A. INC., | § § § | |
| Defendant. | § § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. On November 11, 2018, the Magistrate Judge recommended the case be dismissed without prejudice for failure to prosecute (Docket No. 12). Overruling Plaintiff Percy D. Mayfield's limited objection to the Magistrate Judge's Report and Recommendation, the Court adopts the Report and Recommendation and dismisses this action without prejudice for the reasons stated below.

### BACKGROUND

Plaintiff filed this action in Texas state court on October 31, 2017, alleging nine causes of action: (1) disparate treatment based on race violating Title VII of the Civil Rights Act; (2) retaliation violating Title VII of the Civil Rights Act and Chapter 21 of the Texas Labor Code; (3) race discrimination violating Chapter 21 of the Texas Labor Code; (4) ethnic discrimination violating Chapter 21 of the Texas Labor Code;

1

(5) hostile work environment based on race; (6) intentional infliction of emotional distress; (7) negligence; (8) negligent hiring; and (9) negligent retention. Docket No. 3 at ¶¶ 25–62.

On September 26, 2018, Defendant Chevron U.S.A. Inc.[1] ("Chevron") removed the case to this Court based on federal-question jurisdiction under 28 U.S.C. § 1331. Shortly thereafter, Defendant moved to dismiss for insufficient service of process under F.R.C.P. 12(b)(5) and failure to state a claim under F.R.C.P. 12(b)(6). Docket No. 7.

Local Rule CV-7(e) requires a party opposing a motion to file a response and any supporting documents within fourteen days from when the motion was served. Plaintiff failed to file anything by this deadline. Consequently, on October 22, 2018, the Court ordered Plaintiff to file within seven days "any opposition [to Defendant's Motion] and explanation for why such opposition was not timely filed or the Court will treat the motion as unopposed and dismiss the complaint for failure to prosecute." Docket No. 8 at 2.

On the October 29, 2018 deadline set by the Court's Order, Plaintiff did not file his opposition to Defendant's Motion to Dismiss, but instead filed a Response to the Court's Order to Show Cause (Docket No. 9) and a Motion for Leave to File Out of Time Response in Objections to Defendant Chevron Industries, Inc.'s Motion to

---

[1] Plaintiff incorrectly names "Chevron Industries, Inc." as defendant in his state-court Petition. According to Defendant, the entity "Chevron Industries, Inc." does not exist. Rather, Defendant claims that Plaintiff was previously employed by "Chevron U.S.A. Inc." Docket No. 1 at 1. The Court notes that public records with the Texas Secretary of State and Texas Comptroller of Public Accounts suggest the entity "Chevron Industries, Inc." previously existed, but is no longer registered to transact business in Texas and appears to have been dissolved several years ago.

2

Dismiss (Docket No. 10). In response to the Court's show-cause order, Plaintiff claimed that he failed to timely respond to Defendant's Motion to Dismiss because of a calendaring error by an office receptionist. Docket No. 9-1 at ¶¶ 9–10. In Plaintiff's Motion for Leave, Plaintiff requested "that this Court allow Plaintiff five (5) days to file a Response in Objections to Defendant Chevron's Motion to Dismiss for Insufficient Service of Process under F.R.C.P. 12(b)(5) and For Failure to State a Claim Under F.R.C.P. 12(b)(6) immediately upon the Court's approval to do so." Docket No. 10 at 2. On October 31, 2018, the Court granted Plaintiff's Motion for Leave, which allowed five days—until November 5, 2018—to respond to Defendant's Motion to Dismiss. Docket No. 11.

Plaintiff again ignored the Court's deadline. Accordingly, on November 8, 2018, the Magistrate Judge issued a Report and Recommendation recommending that the Court grant Defendant's Motion to Dismiss and that Plaintiff's Complaint be dismissed without prejudice for failure to prosecute. Docket No. 12 at 2. The Report and Recommendation noted that the Court had "allow[ed] Plaintiff's counsel 5 days to file an out of time response," that Plaintiff's counsel had missed that deadline, and that "the Court must assume that in fact Plaintiff has no opposition to Chevron's motion." *Id.*

Plaintiff had fourteen days to serve and file written objections to the findings and recommendations in the Report. 28 U.S.C. § 636(b)(1)(C); *see also* Docket No. 12 at 2. On the November 23, 2018 deadline, Plaintiff filed a Written Objection to the Findings and Recommendations Contained in the Magistrate Judge's Report (Docket

No. 13). Plaintiff filed several additional documents on the same day: (1) a Motion to Extend Time to Respond to Defendant's Motion to Dismiss (Docket No. 14); (2) a Response to Defendant's Motion to Dismiss (Docket No. 15); and (3) an Amended Response to Defendant's Motion to Dismiss (Docket No. 16).[2]

On November 26, 2018, the Court ordered Defendant to respond to Plaintiff's Motion to Extend Time. On December 3, 2018, Defendant filed a Response to Plaintiff's Motion for Extension of Time (Docket No. 18) and a Reply Brief in Support of its Motion to Dismiss (Docket No. 19).

## PLAINTIFF'S OBJECTION

Plaintiff objects to the Magistrate Judge's Report and Recommendation on only two grounds. *First*, Plaintiff argues that, contrary to the Report and Recommendation's finding, Plaintiff's counsel never requested a five-day extension to respond to Defendant's Motion to Dismiss. Docket No. 13 ¶¶ 8, 10-11. *Second*, Plaintiff argues that the Court's Order granting an extension (Docket No. 11) never mentions the length of the granted extension or a specific deadline for Plaintiff's response. *Id.* ¶¶ 10-11. Based on these objections, Plaintiff argues that he had "no basis for understanding that the Court's Order only allowed 5 days leave to file a response" and that the Magistrate Judge should not have assumed "that Plaintiff has no opposition to Defendant's motion." *Id.* ¶ 11.

---

[2] The only difference between Plaintiff's Response (Docket No. 15) and Plaintiff's Amended Response (Docket No. 16) appears to be that Plaintiff forgot to attach referenced exhibits when electronically filing the initial document.

4

Plaintiff's objections are misplaced. Contrary to Plaintiff's argument in his objections, Plaintiff's Motion for Leave explicitly stated: "Plaintiff requests that this Court allow Plaintiff *five (5) days* to file a Response in Objections to Defendant Chevron's Motion to Dismiss for Insufficient Service of Process under F.R.C.P. 12(b)(5) and For Failure to State a Claim Under F.R.C.P. 12(b)(6) immediately upon the Court's approval to do so." Docket No. 10 at 2 (emphasis added). The Court granted Plaintiff's Motion, providing the relief requested—namely, a five-day extension from the date of the order. Docket No. 11. While the Court agrees that the order did not specifically reference the five-day deadline or calculate the deadline for Plaintiff, the Court presumes Plaintiff's counsel knew and understood the relief he requested. Further, interpreting the Order as granting Plaintiff an indefinite extension of time to respond is unsound.

Accordingly, the Magistrate Judge correctly presumed when he issued the Report and Recommendation that Plaintiff had no opposition to Defendant's Motion to Dismiss. *See* Local R. CV-7(d) ("A party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion."). The Court therefore **OVERRULES** Plaintiff's Objection (Docket No. 13) and **ORDERS** that Defendant's Motion to Dismiss (Docket No. 7) is **GRANTED** and the Complaint is hereby **DISMISSED** without prejudice for failure to prosecute.

**DEFENDANT'S MOTION TO DISMISS**

As explained above, the Court finds dismissal appropriate based solely on Plaintiff's failure to timely respond to Defendant's Motion despite multiple

opportunities. Further, even if Plaintiff had filed a timely response to Defendant's Motion to Dismiss, the Court would still dismiss the Complaint.

Defendant argues that all of Plaintiff's claims, except the one arising under 42 U.S.C. § 1981,[3] should be dismissed under Rule 12(b)(5) for improper service of process. Defendant also argues that Plaintiff's claims should be dismissed for failing to state a claim under Rule 12(b)(6). The Court agrees that dismissal is appropriate under Rule 12(b)(5) for all claims, other than Plaintiff's § 1981 claim, and agrees that dismissal of the § 1981 claim is proper under Rule 12(b)(6).

## A. Failure of Service of Process Under Rule 12(b)(5)

Defendant argues that Plaintiff failed to timely serve process because he failed to procure service within the statutory limitations periods for any of the claims except the claim arising under § 1981. Docket No. 7. Plaintiff does not argue otherwise. Plaintiff instead asserts that he nevertheless acted diligently in attempting timely service. Docket No. 16. "Diligence is determined by asking whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent up until the time the defendant was served." *Cho v. Wells Fargo Bank, N.A.*, No. 4:16-cv-256, 2016 WL 9504322, at *3 (E.D. Tex. June 7, 2016) (quoting *Ashley v. Hawkins*, 293 S.W.3d 175, 179 (Tex. 2009)). Although determining reasonable diligence is generally a fact question, "a plaintiff's

---

[3] It is not clear that Plaintiff even seeks to bring a claim under 42 U.S.C. § 1981. Plaintiff's Complaint specifically asserts only Title VII of the 1964 Civil Rights Act and Chapter 21 of the Texas Labor Code in his enumerated counts. Docket No. 3 ¶¶ 25–62. Plaintiff does, however, reference § 1981 in other sections of his Complaint. Docket No. 3 ¶¶ 1, 2, 7. Reading the Complaint in the light most favorable to the Plaintiff, the Court will address 42 U.S.C. § 1981.

6

explanation may demonstrate a lack of diligence as a matter of law, when one or more lapses between service efforts are unexplained or patently unreasonable." *Id.*

The Court finds that Plaintiff has not demonstrated due diligence. Plaintiff filed his original petition in October 2017 but did not serve Defendant until August 2018—ten months later. Plaintiff argues that he exercised due diligence because "multiple Chevron entities exist or have existed over the years" and he "secured citations and attempted service on registered agents which rejected service for the Defendant at issue." Docket No. 16 ¶ 1. But once challenged, it is Plaintiff's burden to present evidence explaining "every lapse in effort or period of delay." *Ashley*, 293 S.W.3d at 179. Plaintiff fails to carry that burden, never explaining what steps he took to effect service, when he took those steps, or why he needed ten months to serve Defendant. Plaintiff's excuse that there are "multiple Chevron entities" is unavailing. Plaintiff received express notice that "Chevron Industries, Inc." was an inactive entity in the State of Texas by January 24, 2018—a fact Plaintiff could have easily discovered by searching publicly available records. Docket No. 16-1 at 5.

Although the "reasonableness of a plaintiff's delay in serving citation is usually a question of fact," where "no explanation consistent with due diligence is offered, the reasonableness of a plaintiff's delay cannot be factually determined." *Butler v. Ross*, 836 S.W.2d 833, 836 (Tex. App.—Houston [1st Dist.] 1992, no writ) (citing *Liles v. Phillips*, 677 S.W.2d 802, 809 (Tex. App.—Fort Worth 1984, writ ref'd n.r.e.)). And several Texas courts have held that delays of more than a few months of unexplained inactivity negate due diligence as a matter of law. *E.g.*, *Weaver v. E–Z Mart Stores,*

*Inc.*, 942 S.W.2d 167, 168 (Tex. App.—Texarkana 1997, no writ) (nine months); *Gonzalez v. Phoenix Frozen Foods, Inc.*, 884 S.W.2d 587, 590 (Tex. App.—Corpus Christi 1994, no writ) (five months); *Butler v. Ross*, 836 S.W.2d 833, 835–36 (Tex. App.—Houston [1st Dist.] 1992, no writ) (five-and-a-half months); *Hansler v. Mainka*, 807 S.W.2d 3, 5 (Tex. App.—Corpus Christi 1991, no writ) (five months); *Allen v. Bentley Labs., Inc.*, 538 S.W.2d 857, 860 (Tex. Civ. App.—San Antonio 1976, writ ref'd n.r.e.) (six months). Here, Plaintiff offers no reasonable explanation for his ten-month delay in serving process, negating due diligence as a matter of law.

Because Plaintiff failed to act with due diligence, his service was not timely and dismissal under Rule 12(b)(5) is proper as to all but the § 1981 claim.[4]

## B. Failure to State a Claim Under Rule 12(b)(6)

Defendant argues in the alternative that the Court should dismiss Plaintiff's claims for failing to state a claim upon which relief can be granted under Rule 12(b)(6). Because the Court finds all other claims should be dismissed under Rule 12(b)(5), the Court considers this argument only as to Plaintiff's § 1981 claim. The Court agrees that Plaintiff fails to sufficiently plead facts demonstrating that race was the reason for his termination, as required by § 1981.

The Court utilizes a "two-pronged approach" in considering a motion to dismiss under Rule 12(b)(6). *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). First, the Court

---

[4] Defendant requests dismissal with prejudice but identifies no Fifth Circuit authority to support this request. In fact, Rule 4(m) suggests that an action dismissed for failure of service should be dismissed "without prejudice." FED. R. CIV. P. 4(m). That said, the Fifth Circuit has recognized that when an action is dismissed for insufficient service of process without prejudice, but an applicable statute of limitations bars further litigation, the dismissal effectively operates as a dismissal with prejudice. *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008) (citing *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 213 (5th Cir. 1976)).

identifies and excludes legal conclusions that "are not entitled to the assumption of truth." *Id.* Second, the Court considers the remaining "well-pleaded factual allegations." *Id.* The Court must accept as true all facts alleged in a plaintiff's complaint, and the Court views the facts in the light most favorable to a plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

Plaintiff's § 1981 claim does not state facts sufficient to show that Defendant discriminated against him on the basis of race. A § 1981 claim requires a plaintiff to establish: (1) that he is a member of a racial minority; (2) that the defendant intended to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute. *Arguello v. Conoco, Inc.*, 330 F.3d 355, 358 (5th Cir. 2003) (quoting *Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743, 751 (5th Cir. 2001)). But here, Plaintiff's Petition is bare-bones and alleges only that he is African American, that "co-workers" used offensive language and interfered with his taking of a promotion examination by "talking loudly," that a "Supervisor" accused him of "faking illness," and that he was later "terminated under the pretext of a layoff." Docket No. 3 at ¶¶ 16-24.

Nowhere does Plaintiff plead facts demonstrating that the Defendant intentionally discriminated against him concerning one of the statutorily enumerated activities. The alleged discriminatory activity—that he was "terminated under the pretext of a layoff"—is described with a single sentence and fails to identify facts connecting the layoff with any racially discriminatory conduct. *See, e.g.*, *Landavazo v. Toro Co.*, 301 F. App'x 333, 336 (5th Cir. 2008). Nor are there any allegations that

9

Defendant sanctioned the offensive language and conduct of Plaintiff's co-workers, or that the Supervisor who allegedly accused him of faking illness intended to discriminate against Plaintiff on the basis of his race.

Plaintiff has therefore failed to state a claim under § 1981, and his claim should be dismissed without prejudice under Rule 12(b)(6).

## CONCLUSION

For the reasons stated above, the Court **OVERRULES** Plaintiff's Objection (Docket No. 13). It is therefore **ORDERED** that Defendant's Motion to Dismiss (Docket No. 7) is **GRANTED** and the Complaint is hereby **DISMISSED** without prejudice. All other pending Motions are **DENIED** as **MOOT**.

So **ORDERED** and **SIGNED** this **7th** day of **January, 2019.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE